GAJARSA, Circuit Judge.

ORDER

The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f), vacate the United States Court of Appeals for Veterans Claims’ judgment in Hardy v. Nicholson, No. 04-40, 2006 WL 1522162 (Vet.App. May 2, 2006), and remand Robert L. Hardy’s appeal for further proceedings. The Acting Secretary states that Hardy does not oppose the motion.
*310 Hardy served on active duty in the U.S. Army from April 1964 to April 1966, which included seven months of service in Vietnam. On January 6, 1998, Hardy filed a claim to reopen his previously and finally disallowed service-connection claim for post-traumatic stress disorder (PTSD). In support of his claim, Hardy submitted, among other things, a statement from the U.S. Armed Services Center for Research of Unit Records (USASCRUR) confirming that he was under mortar attack while in Vietnam. In July 1998, the VA Wichita, Kansas regional office (RO) reopened Hardy’s claim and awarded him service connection for PTSD, effective January 6, 1998, the date he filed his claim to reopen.
Hardy appealed to the Board, asserting that he was entitled to an effective date earlier than January 6, 1998. After the Board affirmed the RO’s effective date determination, Hardy appealed to the Court of Appeals for Veterans Claims, contending that the Board erred when it failed to consider and apply 38 C.F.R. § 3.156(c). At the time Hardy’s claim was decided, § 3.156(c) provided in relevant part:
Where the new and material evidence consists of a supplemental report from the service department, received before or after the decision has become final, the former decision will be reconsidered by the adjudicating agency of original jurisdiction. This comprehends official service department records which presumably have been misplaced and have now been located and forwarded to the Department of Veterans Affairs. Also included are corrections by the service department of former errors of commission or omission in the preparation of the prior report or reports and identified as such.
38 C.F.R. § 3.156(c) (1998).
In its decision, the Court of Appeals for Veterans Claims held that § 3.156(c) was not applicable to Hardy’s claim. The court explained that the regulation only applied in two “limited factual circumstances”: when service records were (1) previously misplaced or (2) recently corrected. Hardy v. Nicholson, No. 04-40, 2006 WL 1522162, at *3 (Vet.App. May 2, 2006). Because the court found that neither of these circumstances had occurred, the court concluded that the Board did not err by failing to consider the regulation in its decision. Id.
On appeal, Hardy contends that the Court of Appeals for Veterans Claims’ exclusion of USASCRUR’s statement for consideration of an earlier effective date was an erroneous interpretation of § 3.156(c). The Acting Secretary concedes as much in his motion to vacate and remand. See Acting Secretary’s Motion at 10 (“We believe this holding to be in error and that vacatur and remand is appropriate.”).
We agree that vacatur and remand is appropriate here. The Court of Appeals for Veterans Claims’ determination that § 3.156(c) applies to only two “limited factual circumstances,” is inconsistent with the Acting Secretary’s prior interpretation that the regulation merely sets forth examples of service records that were not available when a decision was issued which should be considered. See New and Material Evidence, 70 Fed.Reg. 35388 (Jun. 20, 2005) (explaining that § 3.156(c) was being amended to resolve any ambiguity in the law and ensure that the regulation was consistent with VA’s practice of treating misplaced service department records as an example of the type of records that should be considered). We therefore vacate the court’s decision and remand for further proceedings.
Accordingly,
IT IS ORDERED THAT:
*311 The Acting Secretary’s motion is granted.